UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 14-CIV-21372-MORENO/O'SULLIVAN

DATA OPTICS CABLE, INC.,

    Plaintiff,
v.

AMERICOM AUTOMATION SERVICES, INC.,
HENDERSON ELECTRIC, HEAT AND AIR
CONDITIONING, INC., WESTERN SURETY CO.
AND INTERNATIONAL FIDELITY INSURANCE CO.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Leave to File Second Amended Complaint (DE# 91, 1/6/15) and the Defendant Western Surety's Motion to Dismiss Count VII of the Plaintiff's First Amended Original Complaint for Damages (DOC. 52) and Integrated Memorandum of Law (DE# 63, 9/29/14).  Having reviewed the motions, responses and reply in support of motion for leave, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Leave to File Second Amended Complaint (DE# 91, 1/6/15) is GRANTED.  The plaintiff seeks to amend its complaint to add a claim for attorney's against the insurance company defendants under Sections 627.428 and 627.756 of the Florida Statutes.  Section 627.428 provides for the recovery of attorney's fees by an insurance customer who is required to litigate to have his claim paid by the insurer.  Section 627.756 expressly provides that "Section 627.428 applies to suits brought by owners, subcontractors, laborers, and materialmen against a surety insurer under payment or performance bonds written by the insurer ...."

Fla. Stat. § 627.756(1) (1992).  The statutory basis for recovery of attorney's fees under the Florida Statutes exists based on the current claims alleged and facts as pleaded. Federal courts grant leave to amend even after trial has commenced.  See Crossland v. Canteen Corp., 711 F.2d 714, 729 (5th Cir. 1983) (citing Hodgson v. Colonnades, Inc., 472 F.2d 42, 47-48 (5th Cir. 1973)[1] (explaining "that when a party objects to a mid-trial amendment, 'the court may allow the pleadings to be amended and shall do so freely when ... the objecting party fails to satisfy the court that the ... [amendment] would prejudice him in maintaining his ... defense upon the merits.'  The only prejudice claimed by Canteen is that it may become liable for attorneys' fees.  This is insufficient.").  The plaintiff's requested amendment does not change the substance of the case, does not require additional discovery and does not prejudice the other parties. The plaintiff alleges that it has good cause to amend because it could not predict the expenses associated with attending up to twelve (12) additional depositions, most of which will deal with claims separate and apart from the plaintiff's claims. The defendants have failed to show any prejudice.  Accordingly, the plaintiff's request for leave to file a second amended complaint to include a claim for statutory attorney's fees is granted.  It is further

ORDERED AND ADJUDGED that within one week of the date of this order, the plaintiff shall file its second amended complaint in accordance with the Local Rules of this Court.  It is further

---

[1] In Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

ORDERED AND ADJUDGED that the Defendant Western Surety's Motion to Dismiss Count VII of the Plaintiff's First Amended Original Complaint for Damages (DOC. 52) and Integrated Memorandum of Law (DE# 63, 9/29/14) is DENIED as moot.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **22nd** day of January, 2015.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Moreno
All Counsel of Record